IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CT-03079-M-RJ

MARQUEION JAMAL HARRISON,  )
                           )
         Plaintiff,        )
                           )
    v.                     )     ORDER
                           )
WARDEN BULLARD, et al.,    )
                           )
         Defendants.       )

This cause is before the court on plaintiff's pending motions to amend the complaint, see [D.E. 16, 19, 20, 24, 25], and for a temporary restraining order ("TRO"), Mot. [D.E. 21]. For the following reasons, the court denies the motion for a TRO and grants in part the motions to amend.

Discussion:

In his motion for a TRO, plaintiff asserts that he is "experiencing numerous forms of threats and what [he feels] are [ ] attempted acts of assault and battery [sic]." Mot. [D.E. 21] at 1. Plaintiff asserts that, since filing this suit, he has been terminated from his job, "refused to be paid for over a month [sic]," and not given any verbal or written response when "requesting information on the matter." Id. Plaintiff contends that he "experience mail disturbances where [his] mail is being refused to be mailed out [sic]." Id. Plaintiff also alleges "medical and dental threats are also beginning [sic]," to include five T.B. tests over a period of years, each of which were negative. Id. Plaintiff says he feels there is an "attempt to cause acts of medical mishaps, adverse reactions for the threat of misdiagnosis and acts of assault and battery [sic]." Id. Plaintiff contends that he has been sent to numerous dental appointments he did not request and which he feels amount to an "act of assault in the form of malpractice [sic]." Id. Plaintiff also alleges: "assault and

battery by correctional officers and the act of misuse, abuse and falsified disciplinaries are going to be attempted [sic]." Id. For relief, he seeks a TRO transferring him to another prison, but not to Scotland C.I. or other Southern Division prisons, "to avoid any other threats and harm to [his] life, sentences and currently filed case(s) [sic]." Id. at 2; see also Pl.'s Letter [D.E. 22].

Courts issue injunctive relief as to prison management only in extraordinary circumstances. Taylor v. Freeman, 34 F.3d 266, 268–69 (4th Cir. 1994). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see also U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006) (applying same standards for a TRO and a preliminary injunction). The Supreme Court has rejected the "standard that allowed the plaintiff to demonstrate only a 'possibility' of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009) (quotation omitted), vacated on other grounds, 559 U.S. 1089 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Plaintiff lacks a constitutional right to a transfer or specific custody classification. See O'Bar v. Pinion, 953 F.2d 74, 82–84 (4th Cir. 1991). Thus, because this motion for a TRO neither constitutes a "clear showing" of entitlement to the requested relief, cf. Real Truth, 575 F.3d at 346, nor demonstrates the requisite extraordinary circumstances, cf. Taylor, 34 F.3d at 268–269, the court DENIES the motion [D.E. 21].

2

The court now turns to the motions to amend the complaint. See [D.E. 16, 19, 20, 24, 25]. The court GRANTS IN PART these motions, see Fed. R. Civ. P. 15(a)(1), but declines to cobble together the various filings. Instead, the court DIRECTS plaintiff to file one amended complaint that complies with Federal Rule of Civil Procedure 8, which provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Plaintiff should state precisely whom he seeks to name as defendants, connect defendants with the conduct that resulted in the alleged constitutional violations, and avoid unnecessary details. Plaintiff should briefly mention specific events and correlating dates which are the basis for suit and the constitutional rights purportedly violated. Any amended complaint will be subject to initial review, see 28 U.S.C. § 1915A, and will be considered the complaint in its entirety; the court will not review plaintiff's earlier filings to discern any misplaced claims. The court, however, will review any amended complaint to determine whether severance is appropriate. See Fed. R. Civ. P. 18(a), 20(a)(2).

Conclusion:

In sum, the court: DENIES the motion for a TRO [D.E. 21]; GRANTS IN PART plaintiff's motions to amend [D.E. 16, 19, 20, 24, 25]; DIRECTS the clerk to send plaintiff the forms for filing an amended complaint; and DIRECTS plaintiff to file one amended complaint, as directed above, not later than November 22, 2023.

SO ORDERED this 31st day of October, 2023.

Richard E Myers II
RICHARD E. MYERS II
Chief United States District Judge

3